[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12574

Non-Argument Calendar

————————————

JEFREY ROSARIO,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00226-MW-MAF

————————————

Before JORDAN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Jefrey Rosario challenges the district court's denial of his counseled 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability (COA) on one issue: "whether Petitioner was prejudiced by counsel's deficient performance in failing to object to the state trial court's erroneous 'unlawful activity' instruction." Rosario asserts his trial counsel performed deficiently by failing to object to the state trial court's instruction requiring him to retreat before using deadly force if he was engaged in unlawful activity and that counsel's deficient performance prejudiced him because it negated his sole defense theory of self-defense. The State responds the instruction did not result in prejudice because the evidence at trial established Rosario was acting in retaliation, not defending himself, and the instruction was not the focus of the attorneys' arguments. After review,[1] we affirm.

## I. BACKGROUND

Rosario is a Florida prisoner who is serving a 40-year sentence for two counts of attempted second-degree murder. At trial, Rosario's defense attorneys argued Luis Torres-Gutierrez was robbed after Rosario drove him to deliver drugs and there would

---

[1] We review a district court's denial of a § 2254 petition *de novo*. *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016). The district court's determination the state-court decision was reasonable is reviewed *de novo*. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005).

not be a dispute that it was Torres-Gutierrez's drug deal. Rosario thought someone would get hurt when Levar Morant punched Torres-Gutierrez and snatched marijuana from Torres-Gutierrez, so Rosario grabbed a gun from Torres-Gutierrez and started shooting at Morant and Steven Key. Counsel contended Rosario was justified in shooting. In instructing the jury on the justifiable use of deadly force, the trial court included language stating, "[i]f the defendant was not engaged in an unlawful activity and was attacked in any place where he had the right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force." The jury convicted Rosario on two counts of attempted second-degree murder.

At the time of Rosario's offense conduct, Florida law provided:

> [A] person is justified in the use of deadly force and does not have a duty to retreat if . . . [he] reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony[.]

Fla. Stat. § 776.012(1) (effective Oct. 1, 2005, to June 19, 2014). However, in June 2014, Florida amended § 776.012 to provide that a person is justified in using deadly force and does not have a duty to retreat if, among other things, he is not engaged in criminal activity. *See* Fla. Stat. § 776.012(2) (effective June 20, 2014).

In a state postconviction motion under Florida Rule 3.850. Rosario first brought a claim that his trial counsel performed

ineffectively by failing to object to the jury instruction stating he could not stand his ground if he was engaged in unlawful activity, which negated his sole defense theory of self-defense.  Rosario contended the "unlawful activity" instruction given did not apply to his conduct in 2011 because the amendment including the "unlawful activity" language became effective in 2014, so the state trial court committed fundamental error when it read a jury instruction including that language.  He argued his sole defense was self-defense, but there was evidence he was engaged in a drug deal, so the "unlawful activity" instruction deprived him of his sole defense. The state trial court denied relief after conducting an evidentiary hearing.  The state trial court determined any potential error to be harmless beyond a reasonable doubt based on the overwhelming evidence in the case.  The Florida First District Court of Appeal then *per curiam* affirmed without opinion.

Rosario filed a counseled 28 U.S.C. § 2254 petition.  As relevant to this appeal, Rosario's third ground alleged his trial counsel performed ineffectively by failing to object to the jury instruction stating he could not stand his ground if he was engaged in unlawful activity, which negated his sole defense theory of self-defense.  In recommending the district court deny Rosario's § 2254 petition, the magistrate judge concluded Rosario was not prejudiced by his trial attorneys' failure to object to the jury instruction.  The magistrate judge concluded the first prong of an ineffective assistance of counsel claim was satisfied, but the deficient performance did not result in prejudice because Rosario was not deprived of a self-defense claim.  The magistrate judge noted the trial court provided

four other instructions related to self-defense and the evidence at trial suggested the shooting was retaliatory and not in self-defense because Rosario used the gun after the snatching, from fifty feet away, and while the victims were running away. The magistrate judge concluded the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), or make an unreasonable determination of the facts.

The district court accepted the magistrate judge's report and recommendation and denied Rosario's § 2254 petition, but granted a COA on "whether Petitioner was prejudiced by counsel's deficient performance in failing to object to the state trial court's erroneous 'unlawful activity' instruction."

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d)(1)-(2). AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could

disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI. To establish ineffective assistance of counsel, a petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Failure to establish either prong of the test is fatal and makes it unnecessary for us to consider the other. *See id.* at 697. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A petitioner must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A court must consider the totality of the evidence before the jury. *Id.* at 695.

The district court did not err in denying relief because Rosario has not established prejudice.[2] Rosario asserts the state courts unreasonably applied *Strickland* when assessing prejudice, and although he cites several Florida cases, those cases are inapplicable

---

[2] We do not address Rosario's arguments regarding his trial counsel's deficient performance because the COA does not address this prong of the analysis and the district court found there was deficient performance. *See Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340-42 (11th Cir. 2007) (explaining in the context of an unsuccessful § 2254 petition, the scope of our review is limited to the issues specified in the COA).

when deciding whether the state court unreasonably applied clearly established federal law. 28 U.S.C. § 2254(d)(1). Applying the *Strickland* standard alongside § 2254(d) deference, it is not clear that every fairminded jurist would conclude that prejudice was established. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019) (explaining when applying § 2254(d) deference to the prejudice prong of the *Strickland* standard, the question is "whether every fairminded jurist would conclude that prejudice has been established").

Considering the totality of the evidence, every fairminded jurist would not conclude there is a reasonable probability that but for defense counsel's error in failing to object to the "unlawful activity" jury instruction, the jury would have found Rosario was justified in using self-defense. *See id.*; *Strickland*, 466 U.S. at 694-95. There was evidence presented at trial that Rosario was present while Torres-Gutierrez was engaged in a drug deal and was thus engaged in unlawful activity, but the court granted a judgment of acquittal on Rosario's possession with intent to sell charge. While there was evidence of a robbery between Torres-Gutierrez and Morant with Torres-Gutierrez telling Rosario, "they got me," there was also evidence Rosario shot at Morant and Key while they were running away over 50 feet from him, suggesting he was not in fear of imminent death, great bodily harm, or being robbed. The lawyers' closing arguments did not highlight the "unlawful activity" instruction. The defense relied heavily on self-defense, but defense counsel only mentioned the "unlawful activity" instruction to say the court took care of that count, so the jury did not need to worry

about that instruction.  And although the State mentioned the drug deal, it did not argue that Rosario could not defend himself or was required to retreat because he was part of an unlawful activity, but argued there was not an imminent threat because the victims were running away.

Every fairminded jurist would not necessarily conclude that prejudice was established given the other evidence suggesting Rosario was not in fear of imminent death, great bodily harm, or robbery. *Meders*, 911 F.3d at 1351.  Therefore, fairminded jurists could disagree about the correctness of the state trial court's decision that the jury instruction did not result in prejudice, and the conclusion was not an unreasonable application of clearly established federal law under *Strickland*.  *See Harrington*, 562 U.S. at 101; 28 U.S.C. § 2254(d)(1).  Accordingly, we affirm.

**AFFIRMED.**